<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARKADI MERKIN AND MARINA BELAYA,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAVEL BELYI AND NATALIA BELAIA,<br><br>*Defendants*. | Case No.: 23-cv-23393<br><br>**OPINION**<br><br>December 12, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon a report and recommendation (ECF 14, "R&R") issued by Magistrate Judge Michael A. Hammer regarding the Court's *sua sponte* Order to Show Cause (ECF 6) that directed Defendants Pavel Belyi and Natalia Belaia to explain why this case should not be remanded to the Superior Court of New Jersey, Law Division, Morris County for lack of subject matter jurisdiction or defective removal and why the Court should not impose costs against Defendants. Defendants filed a response to the Court's Order to Show Cause. (ECF 7.) Plaintiffs Arkadi Merkin and Marina Belaya ("Plaintiffs") replied. (ECF 13.) Judge Hammer recommended that the case be remanded and no costs be imposed. (*See generally* ECF 14.) Defendants did not object to the R&R. Plaintiffs filed a limited objection, arguing that costs should be imposed upon Defendants. (ECF 16.) This Court has carefully reviewed Judge Hammer's R&R, and for substantially the same reasons stated therein and for the reasons set forth below, it will adopt the R&R, and this case will be remanded.

**WHEREAS** a detailed factual and procedural background of this case is set forth in Judge Hammer's R&R. (ECF 14.) The case originates from Plaintiffs' state court ejectment action against

Defendants in which Plaintiffs allege that Defendants, who are Plaintiff Marina Belaya's parents, were residing in Plaintiffs' basement in Lake Hopactong, New Jersey without their consent. (*Id.* at 2; ECF 1 at 7.) Because the Notice of Removal did not sufficiently set forth the basis for this Court's subject matter jurisdiction or the timeliness of removal, Judge Hammer issued an Order to Show Cause directing the Defendants to demonstrate subject matter jurisdiction and timeliness of removal. (ECF 6); and

**WHEREAS** when a magistrate judge addresses dispositive issues, such as a motion to remand, the magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). On dispositive issues, the district court must make a *de novo* determination of the portions of the magistrate judge's report and recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A report and recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co. Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion"); and

**WHEREAS** as an initial matter, this Court has reviewed Judge Hammer's R&R *de novo* and agrees in all respects with Judge Hammer's reasoning. Neither Plaintiffs nor Defendants

objected to the portion of Judge Hammer's R&R remanding the case for lack of subject matter jurisdiction and defective removal. Defendants failed to establish that this Court has subject matter jurisdiction as there is no federal question in this case. *See Claus v. Trammel*, No. 18-1125, 2018 WL 6033482, at *2 (D. De. Nov. 16, 2018) ("Plaintiff filed an ejectment action, based solely on state law. Ejectment does not arise under federal law."). Accordingly, this Court adopts this portion of the R&R; and

**WHEREAS** Plaintiffs only objected to Judge Hammer's recommendation to not impose costs or attorney fees for defective removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Awards of attorney fees are limited to cases in which the removing party lacks any objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In their limited objection, Plaintiffs argue that Defendants' removal was "insubstantial, unfounded, spurious and arguably made in bad faith" and wasted this Court's time. (ECF 16 at 1-2.) In his R&R, Judge Hammer noted that awarding fees is left to the Court's discretion, and "[t]his Court 'gives Defendants the benefit of the doubt' and exercises its discretion to not impose fees under 28 U.S.C. § 1447(c)." (ECF 14 at 9 (quoting *Platkin v. Exxon Mobil Corp.*, No. 22-6733, 2023 WL 4086353, at *4 (D.N.J. June 20, 2023).) Judge Hammer explained that "Defendants' brief suggests research was conducted to support Defendants' belief that they possessed a reasonable basis behind their removal, despite this Court's eventual recommendation." (ECF 14 at 9.) This Court agrees with Judge Hammer's analysis and conclusion and adopts this portion of the R&R; and

**WHEREAS** for the reasons stated above, the Court hereby adopts Judge Hammer's R&R (ECF 14) in full and remands this case to the Superior Court of New Jersey, Law Division, Morris County. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

| | |
|---|---|
| Orig: | Clerk |
| cc: | Michael A Hammer, U.S.M.J. |
| | Parties |